SHAW, Justice
(dissenting).
I respectfully would decline to answer the certified question, which calls for the interpretation of the language of an insurance policy. “[T]his Court may answer questions from federal courts only where ‘there are no clear controlling precedents’ and the answer to the question is ‘determinative of said cause.’ Construing an insurance policy treads no new ground under Alabama law, and precedent determinative of such an analysis is well settled.” Stewart Title Guar. Co. v. Shelby Realty Holdings, LLC, 83 So.3d 469, 472 (Ala.2011) (quoting Rule 18, Ala. R.App. P. (emphasis added)). See also Public Bldg. Auth. of Huntsville v. St. Paul Fire & Marine Ins. Co., 80 So.3d 171, 180 (Ala.2010) (“[T]he interpretation of a contract does not present a novel legal issue. Rather, the rules of contract construction and interpretation are well established in Alabama .... ”). Although this Court has answered certified questions regarding *710 whether a particular interpretation of an insurance policy might violate Alabama law, see Holcim (US), Inc. v. Ohio Cas. Ins. Co., 38 So.3d 722 (Ala.2009), I would adhere to the holding of Stewart Title that this Court should decline to answer certified questions seeking simply the meaning of language in contracts.
WISE, J., concurs.